T.C. Summary Opinion 2019-6

UNITED STATES TAX COURT

HUIRONG ZHU AND TINA X. ZHOU, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24875-16S.                    Filed April 2, 2019.

Huirong Zhu and Tina X. Zhou, pro sese.

Thomas R. Mackinson and Sandeep Singh, for respondent.

SUMMARY OPINION

LEYDEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]All section references are to the Internal Revenue Code, as amended, in

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated August 18, 2016, the Internal Revenue Service (IRS)[2] determined a deficiency in petitioners' 2013 Federal income tax of $5,753 and a section 6662(a) accuracy-related penalty of $1,150. The issues for decision are whether petitioners are: (1) entitled to deduct $5,829 for unreimbursed employee expenses with respect to Mr. Zhu's job reported on Schedule A, Itemized Deductions; (2) entitled to deduct $2,934 of other expenses reported on the Schedule A; (3) entitled to deduct $16,598 of car expenses for miles driven by Ms. Zhou with respect to either a website development business or a consulting and property management business reported on a Schedule C, Profit or Loss From Business; (4) entitled to deduct $1,896 for expenses related to the use of petitioners' home by Ms. Zhou with respect to either a website development business or a consulting and property management business reported on a

---

[1](...continued)
effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

Schedule C or with respect to Mr. Zhu's employment; (5) entitled to deduct $14,416 for auto and travel expenses with respect to Ms. Zhou's management of petitioners' investment properties reported on a Schedule E, Supplemental Income and Loss; and (6) liable for the section 6662(a) accuracy-related penalty.[3]

The Court holds that petitioners are: (1) not entitled to deduct $5,829 of unreimbursed employee expenses with respect to Mr. Zhu's job; (2) not entitled to deduct $2,934 of other expenses; (3) not entitled to deduct $16,598 of car expenses for miles driven by Ms. Zhou with respect to either a website development business or a consulting and property management business; (4) not entitled to deduct $1,896 for expenses related to the use of petitioners' home by Ms. Zhou with respect to either a website development business or a consulting and property management business reported on a Schedule C or by Mr. Zhu with

---

[3]The other adjustments in the notice of deficiency to the retirement savings credit, the child tax credit, and the additional child tax credit are computational. These adjustments will be resolved by the Court's resolution of the issues for 2013 and will not be discussed further. The IRS also adjusted the deduction for mortgage interest reported on the Schedule A, increasing it by $1,055, apparently to reflect the disallowance of the mortgage interest deduction with respect to the asserted business use of the home. The Court notes that the amount added to the Schedule A deduction, however, is $14 less than the total amount of the mortgage interest deduction listed on the Form 8829, Expenses for Business Use of Your Home. Petitioners have not challenged the allowance of a mortgage interest deduction of $10,801. Therefore, the issue is deemed conceded. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

respect to his employment; (5) entitled to deduct $8,291.94 for auto and travel expenses with respect to Ms. Zhou's management of petitioners' investment properties; and (6) not liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in California when they timely filed the petition.

I.     Ms. Zhou's Management of Petitioners' Investment Properties

Ms. Zhou managed 11 investment properties that the petitioners owned. During 2013 Ms. Zhou drove two cars--a Toyota Camry and a Toyota Sienna--the following number of miles to manage nine of the investment properties:

| Property | Mileage |
|---|---|
| 4008 English Oaks, Tracy, Cal. | 345 |
| 2254 Van Gogh Ln., Stockton, Cal. | 855 |
| 2842 Niobrara Ave., Stockton, Cal. | 2,184 |
| 406 S. Sutter St., Stockton, Cal. | 3,436 |
| 1431 Mesa Creek Dr., Patterson, Cal. | 1,932 |
| 152 Daylilly Ln., Patterson, Cal. | 1,203 |
| 10 O St., Lathrop, Cal. | 1,760 |
| 16860 Locust Ave., Patterson, Cal. | 924 |
| 1025 N. California St., Stockton, Cal. | 2,037 |
| Total | 14,676 |

Ms. Zhou collected rents, carried out evictions, made minor repairs (including drywall repairs), and coordinated hiring workers for large repairs as part of managing the properties. Sometimes Ms. Zhou would visit more than one property during a trip. Other times she would travel from petitioners' home in Mountain House, California, to one property, return home, and later, in the same day, visit another property.

Two or three times a week Ms. Zhou logged her travel, including the purpose and time spent for the trip, with respect to managing the investment properties. She used a computer program to calculate the miles between petitioners' home and the investment property or properties. When the IRS examiner asked petitioners for documentation of the miles Ms. Zhou drove, petitioners consolidated the various contemporaneous logs Ms. Zhou maintained into one log, which the parties stipulated.

## II.  Mr. Zhu's Employment

During 2013 Mr. Zhu worked for Broadcom Corp. as a senior engineer. His responsibilities included development and maintenance of a number of mission-critical enterprises and engineering applications for which he was required to be available for technical support 24/7. Since 2010 Broadcom Corp. had allowed Mr. Zhu to telecommute from his home in Mountain House three days a week.

Broadcom Corp. did not reimburse Mr. Zhu for any of petitioners' household expenses.

III.    Petitioners' 2013 Tax Return

Petitioners used TurboTax software to prepare and timely file their 2013 joint Federal income tax return.  As relevant here petitioners claimed deductions on a Schedule A for:  (1) home mortgage interest of $9,746; (2) other expenses of $2,934, which consisted of (a) $1,560 for telephone expenses, (b) car expenses of $82 for a smog check, $277 for brake repair, and $316 for oil changes, (c) $103 for AAA membership, and (d) $596 for umbrella insurance; and (3) unreimbursed employee expenses of $5,829, which consisted of (a) $34 for 60 miles driven for business, (b) $59 for parking, fees, tolls, and transportation, (c) $328 for travel expenses while away from home overnight, (d) $5,343 for other business expenses, and (e) $65 for meals and entertainment.[4]

Petitioners attached a Schedule C to their 2013 tax return.  Ms. Zhou was listed as the proprietor, and petitioners listed two businesses--website development and consulting and property management.  Petitioners did not report on Part I, Income, of the Schedule C any gross receipts from either of the two listed

---

[4]The total meals and entertainment expenses listed on the Form 2106-EZ, Unreimbursed Employee Business Expenses, were $129 before the 50% limitation prescribed in sec. 274(n)(1).

businesses. On the Schedule C petitioners claimed a deduction of $16,598 for car and truck expenses and reported miles driven in connection with the two listed businesses for two vehicles--12,078 for one vehicle and 16,898 for the other. Petitioners did not identify the make, model, or year of either vehicle on the Schedule C.

Petitioners attached Form 8829 to their 2013 tax return. On the Form 8829 petitioners reported that, out of their home's total area of 4,050 square feet, Ms. Zhou used 400 square feet, or 9.880%,[5] regularly and exclusively for her website development and consulting and property management businesses. Using the instructions for Form 8829, petitioners calculated their deduction to be $1,896 and claimed that deduction on the Schedule C for Ms. Zhou's two listed businesses.

Petitioners filed a Schedule E with their 2013 tax return and reported total auto and travel expenses of $14,416 for 11 properties.

Petitioners' first language is not English, and Ms. Zhou has limited English proficiency.

---

[5]The Form 8829 lists a rounded percentage. The actual percentage of the business use of home is 9.876%.

## Discussion

I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a)(1), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners have not established that the section 7491(a) requirements are met. The burden of proof remains with them.

II.    Deductions

As the Court has observed in countless opinions, deductions are a matter of legislative grace, and a taxpayer generally bears the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90

(1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

A taxpayer may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary the expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. The expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. If an expense is connected with personal, living, or family expenses, however, it is not allowed as a deduction. Sec. 262(a).

Generally, the performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377 (1970). If as a condition of employment an employee is required to incur certain expenses, then the employee is entitled to deduct those expenses to the extent they are not subject to reimbursement. See Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982); Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

As a general rule, if a taxpayer establishes that he or she incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the precise amount, the Court may estimate the amount and allow a deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Otherwise, an allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

However, section 274 overrides the Cohan rule with regard to certain expenses, including travel and certain listed property,[6] which if otherwise allowable are subject to strict substantiation rules.  See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  For expenses relating to passenger automobiles, a taxpayer must substantiate with adequate records or sufficient evidence corroborating his or her own statement:  (1) the amount of each separate expense; (2) the mileage for each business use of the passenger automobile and the total mileage for all purposes during the taxable period; (3) the date of the business use; and (4) the business

---

[6]Listed property includes any "passenger automobile".  Sec. 280F(d)(4).

purpose of the use. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Substantiation by adequate records generally requires the taxpayer to "maintain an account book, diary, log, statement of expense, trip sheets, or similar record" prepared contemporaneously with the use of the passenger automobile as well as documentary evidence of the individual, actual expenses. Id. para. (c)(2), 50 Fed. Reg. 46017.

In lieu of substantiating actual passenger automobile expenses, a taxpayer may calculate them by using the standard mileage rate established by the Commissioner. See sec. 1.274-5(j)(2), Income Tax Regs. The taxpayer may base the deduction on either actual expenses or standard mileage, not both. Nash v. Commissioner, 60 T.C. 503, 520 (1973). If the taxpayer elects the actual expense method, he must substantiate his business use percentage for the passenger automobile. Larson v. Commissioner, T.C. Memo. 2008-187, 2008 Tax Ct. Memo LEXIS 182, at *12; sec. 1.274-5T(d)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46025 (Nov. 6, 1985).

A.    Unreimbursed Employee Expenses

Petitioners have proven that Mr. Zhu's employer did not reimburse him for certain expenses. Even assuming without finding that Mr. Zhu's employer required him to incur the reported expenses, petitioners have failed to provide the

required documentation to substantiate the reported $5,829 of unreimbursed employee expenses.[7] The Court concludes that petitioners are not entitled to deduct $5,829 for unreimbursed employee expenses.

B.    Other Expenses

Petitioners did not provide any evidence to prove that the deduction claimed for other expenses of $2,934 was for other than personal expenses.[8] Further, petitioners did not provide any documentation to substantiate these expenses. The Court concludes that petitioners are not entitled to deduct $2,934 of other expenses.

C.    Schedule C Car and Truck Expenses

Ms. Zhou testified that she was not engaged in a website development business during 2013. Ms. Zhou did not testify that she was engaged in a consulting and property management business during 2013 or provide any other evidence to prove she was engaged in that business during 2013. Ms. Zhou did

---

[7]These expenses consisted of: (a) $34 for 60 business miles driven; (b) $59 for parking, fees, tolls, and transportation; (c) $328 for travel expenses while away from home overnight; (d) $5,343 for other business expenses; and (e) $65 for meals and entertainment.

[8]These expenses consisted of: (a) $1,560 for telephone expenses; (b) car expenses consisting of $82 for a smog check, $277 for brake repair, and $316 for oil changes; (c) $103 for AAA membership; and (d) $596 for umbrella insurance.

not explain why she listed on the Schedule C two businesses in which she did not engage during 2013.

Ms. Zhou testified that petitioners reported car and truck expenses on the Schedule C for the two listed businesses because the TurboTax software petitioners used to prepare the 2013 tax return would not allow her to report mileage for two cars on her Schedule E. The record does not bear this out.

On Schedule E, as discussed below, petitioners were required only to report a dollar figure for auto and travel expenses for each property. That schedule does not require petitioners to delineate the make of car whose use generated that expense. Neither the stipulations and exhibits nor the testimony of petitioners proves that Ms. Zhou was engaged in the business of either website development or consulting and property management during 2013. Further, the record does not support the claimed deduction of $16,598 for car and truck expenses.

The Court concludes that the car and truck expenses reported on the Schedule C were not paid or incurred for either of the two listed businesses. Therefore, petitioners are not entitled to deduct those car and truck expenses reported on Schedule C.

D.    Business Use of Home

Petitioners also claimed a deduction for business use of their home by Ms. Zhou with respect to the Schedule C businesses.  Section 280A(c)(1)(A) allows a taxpayer to deduct expenses for the business use of his or her residence.  The expenses allocable to a home office may be deducted only if a portion of a residence is regularly and exclusively used as the principal place of business for any of the taxpayer's trades or businesses.  Id.  Ms. Zhou was not engaged in either of the two listed businesses--a website development business or a consulting and property management business--during 2013.

At trial Mr. Zhu testified that he had a home office for his work as an employee.  However, an employee may not report the business use of home on Form 8829.  See 2013 Instructions for Form 8829 ("Do not use Form 8829 in the following situations. * * * You are claiming expenses for business use of your home as an employee[.]"); see also 2013 Pub. 587, Business Use of Your Home 21.  Petitioners did not show that space in their home was used exclusively by Mr. Zhu for his work other than as an employee.  The Court concludes that petitioners are not entitled to deduct $1,896 for the business use of their home.

III.    Auto and Travel Expense for Investment Properties

The parties do not dispute that the expenses reported by petitioners as to the investment properties were subject to the passive loss rules.  The only issue in dispute is whether petitioners have substantiated the reported mileage driven by Ms. Zhou in connection with the management of the properties.

Petitioners have proven that Ms. Zhou maintained contemporaneous records of the miles she drove to and from the various investment properties.  The log that consolidates the various records meets the requirements of section 274.  The Court concludes that petitioners have proven that Ms. Zhou drove 14,676 miles in connection with managing their investment properties.  Applying the standard mileage rate for 2013, 56.5 cents,[9] the Court concludes that petitioners are entitled to deduct $8,291.94 for auto and travel expenses with respect to their investment properties for 2013.

IV.    Accuracy-Related Penalty

Respondent determined an accuracy-related penalty for 2013 because petitioners' underpayment was due to a substantial understatement of income tax. See sec. 6662(a), (b)(2).  A taxpayer may be liable for a 20% accuracy-related penalty on the portion of an underpayment of income tax attributable to a

---

[9]See Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673.

substantial understatement of income tax.  Id.  The Commissioner bears the burden of production with respect to a section 6662 accuracy-related penalty in any court proceeding with respect to the liability of any individual.  Sec. 7491(c).

Section 6751(b)(1) provides that, subject to certain exceptions in section 6751(b)(2), no penalty shall be assessed unless the initial determination of assessment is personally approved in writing by the immediate supervisor of the individual making the determination or such higher level official as the Commissioner may designate.  Written approval of the initial penalty determination under section 6751(b)(1) must be obtained no later than the date the notice of deficiency is issued or the date the Commissioner files an answer or amended answer asserting the penalty.  Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; see also Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016).  Compliance with section 6751(b)(1) is part of the Commissioner's burden of production in any deficiency case in which a penalty subject to section 6751(b)(1) is asserted.  Chai v. Commissioner, 851 F.3d at 221.

The section 6662(a) accuracy-related penalty determined in the notice of deficiency was properly approved as required by section 6751(b)(1).  The record includes a copy of a Civil Penalty Approval Form approving imposition of an

accuracy-related penalty for a substantial understatement of income tax against petitioners for 2013 and signed by the IRS tax examiner's group manager. Respondent has proven sufficient facts to satisfy the burden of production as to managerial approval for imposition of the accuracy-related penalty for a substantial understatement.

Once the Commissioner meets his burden of production, the taxpayer must produce persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. 438, 447 (2001). The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs. Petitioners provided persuasive evidence that they acted with reasonable cause and in good faith with respect to the underpayment of tax for 2013.

A penalty will not be imposed under section 6662(a) if a taxpayer establishes that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1). Circumstances that indicate reasonable cause and good faith include reliance on the advice of a tax professional or an honest misunderstanding of the law that is reasonable in the light of all the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.; see Higbee v. Commissioner, 116 T.C. at 449.

Relevant facts and circumstances for the Court to consider include the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

During the trial Mr. Zhu repeatedly spoke in Chinese to Ms. Zhou and stated that she did not understand English. Although the Court was satisfied that she understood its questions, the Court recognizes that Ms. Zhou is limited English proficient and that English is not Mr. Zhu's or Ms. Zhou's first language. Both Mr. Zhu and Ms. Zhou credibly testified that they tried to fit their records into the TurboTax software. The Court believed both petitioners made honest and reasonable efforts to determine their 2013 Federal income tax liability and that the understatement of income tax resulted from an honest misunderstanding of law that is reasonable in the light of their limited English language proficiency. Therefore, the Court concludes that petitioners have proven they acted with reasonable cause and in good faith and are not liable for the accuracy-related penalty for 2013.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under
Rule 155.